FILED
2019 Jan-08  AM 10:37
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **JERRY WADE PAYNE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION NO.:** |
| **v.** | ) | |
| | ) | |
| **SCHREIBER, LLC,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## COMPLAINT

1.      This is a complaint for legal and equitable relief to redress violations by the defendant of the plaintiff's rights secured by the Constitution of the United States and by:

      a)      The Americans with Disability Act ("ADA"); 42 U.S.C. 12101, et seq., and the Civil Rights Act of 1991, 42 U.S.C. § 1991, 42 U.S.C. §1981a.

2.      Federal subject matter jurisdiction exists pursuant to:

      a)      28 U.S.C §1331, 1332 and § 1343;

### PARTIES

3.      Plaintiff, JERRY WADE PAYNE, (hereinafter referred to as

"Plaintiff"), is a citizen of the United States of America and of the State of Alabama and resides in the Southern Division of the Northern District of Alabama.

4.      Defendant, SCHREIBER, LLC, (hereinafter referred to as "Defendant"), is an Alabama domestic limit liability company, with its principal place of business located in Jefferson County, Alabama, which is within the Southern Division of the Northern District Court.

5.      Defendant is an employer within the meaning of the Americans with Disability Act. Defendant maintains over 50 employees.

## NATURE OF ACTION

6.      This is an action to redress grievances resulting from the acts committed by Defendant, its agents, servants, and employees with respect to Plaintiff's employment; and for a permanent injunction restraining Defendant from maintaining a policy and practice of discriminating against the Plaintiff on account of disability.

7.      Plaintiff seeks to be reinstated into the position from which he was wrongfully terminated from because of his disability.

8.      Plaintiff also seeks compensatory and punitive damages to which he is entitled and attorneys' fees and costs.

## ADMINISTRATIVE PROCEDURES

9.     Within 180 days of learning of the acts of discrimination of which he complains, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission (hereinafter "EEOC").  Specific charge numbers and filing dates are as follows:

Jerry Payne -  Charge No. 420 2018 01233, filed on February 1, 2018, is attached herein as **Exhibit A**.

10.    Plaintiff received an EEOC Dismissal and Notice of Rights dated October 15, 2018, entitling him to institute a civil action in federal district court, attached herein as **Exhibit B**.

11.    This lawsuit has been commenced within 90 days of Plaintiff's receipt of his EEOC Dismissal and Notice of Rights.

## STATEMENT OF FACTS

12.    Defendant is a Trussville-based company that specializes in wastewater treatment systems. Defendant provides research, design and fabrication for many of the products that it sells to its customers

13.    Plaintiff began his employment with Defendant on or about January 19, 2017 as a welder.

14.    Plaintiff participated in a pre-hire drug test with the Defendant's Medical Review Officer, Dr. Don Battle.

3

15.    Plaintiff had a prescription for and takes Percocet for pain management related to a disability related to nerve damage in his groin.

16.    When the results of Plaintiff's drug test returned positive, Plaintiff questioned by Dr. Battle about the medication and presented a valid prescription for Percocet.

17.    Subsequently, Plaintiff was contacted by Defendant's Human Resource personnel and hired.

18.    Plaintiff safely and satisfactorily performed all aspects of his job as welder until July 20, 2017.

19.    On or about July 20, 2017, Plaintiff was subjected to a random drug screen. The results were provided to Defendant's Medical Review Officer, Dr. Battle.

20.    Dr. Battle contacted Defendant and informed them that Plaintiff tested positive for opioids.

21.    Plaintiff was directed by Human Resources to contact Dr. Battle. Dr. Battle requested that Plaintiff come into his office. Dr. Battle informed Plaintiff that he "fell through the cracks" and should not have been hired.

22.    Defendant advised Plaintiff he could not return until they received a letter from his prescribing physician stating he would not take Percocet during and

4

8 hours before his scheduled work hours.

23.    Subsequently, Plaintiff advised Defendant that his physician would not provide a letter stating what Defendant had requested.

24.    On August 8, 2017, Plaintiff was terminated because he took pain medication for his physical disability.

## COUNT ONE

25.    Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1-24 as if set forth herein.

26.    Plaintiff was an otherwise qualified individual with a disability.

27.    Defendant discriminated against Plaintiff in violation of 42 USC 12112(b)(6) by using an employment test in such a way as to screen out an individual or a class of individuals with disabilities.

## COUNT TWO

28.    Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1-24 as if set forth herein.

29.    Plaintiff is an otherwise qualified individual with a disability.

30.    Defendant discriminated against Plaintiff in violation of 42 USC 12112(b)(1) by classifying Plaintiff in such a way that adversely affects the opportunities of Plaintiff because of his disability, including, but not limited to

5

classifying his position of welder as a "safety sensitive position" to attempt to

justify its scrutiny of Plaintiff's use of pain medication and limiting Plaintiff as

qualified to work in only non-safety sensitive positions.

## COUNT THREE

31.    Plaintiff hereby incorporates by reference the allegations contained in

paragraphs 1-24 as if set forth herein.

32.    Plaintiff is an otherwise qualified individual with a disability.

33.    Defendant terminated Plaintiff's employment because he has a record

of having a physical or mental impairment that substantially limited one or more

major life activities or because Plaintiff was regarded by Defendant as having a

mental or physical impairment that substantially limits or limited one or more

major life activities, or because Plaintiff has a physical or mental impairment that

substantially limits or limited one or more major life activities.

34.    Plaintiff avers Defendant discriminated against Plaintiff because it

viewed Plaintiff as disabled and unable to safely perform his job as a welder

simply because he took pain medication for his disability without any objective

evidence that Plaintiff posed a substantial risk to himself or others.

## COUNT FOUR

35.    Plaintiff hereby incorporates by reference the allegations contained in

6

paragraphs 1-24 as if set forth herein.

36.    Plaintiff is an otherwise qualified individual with a disability.

37.    Defendant discriminated against Plaintiff in violation of 42 USC 12112(b)(2) by participating in an arrangement with its Medical Review Officer that had the effect of subjecting Plaintiff to discrimination prohibited by the ADA.

## COUNT FIVE

38.    Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1-24 as if set forth herein.

39.    Plaintiff is an otherwise qualified individual with a disability.

40.    Defendant discriminated against Plaintiff in violation of 42 USC 12112(b)(5)(A) and (B) by not making a reasonable accommodation or denying employment to Plaintiff because of his need for an accommodation to take his prescribed medication.

## REQUESTED REMEDIES

Wherefore, Plaintiff prays that this Court will grant him relief as follows:

(A)    Grant Plaintiff a declaratory judgment that the employment practices complained of herein violate the rights of Plaintiff as secured by the Americans with Disabilities Act of 1990, and the Civil Rights Act of 1991.

7

(B)    Grant Plaintiff a permanent injunction enjoining Defendant, its

agents, successors, employees, attorneys, and those acting in concert

with the Defendant and at the Defendant's request, from continuing to

violate the Americans with Disabilities Act of 1990, and the Civil

Rights Act of 1991.

(C)    Enter an order requiring Defendant to reinstate Plaintiff to

employment with Defendant or front pay in lieu thereof.

(D)    Grant Plaintiff an award of back pay, including employment-related

fringe benefits (plus interest) and compensatory damages.

(E)    Plaintiff prays for such other relief and benefits as the cause of justice

may require, including, but not limited to, an award of costs,

attorney's fees and expenses.

Respectfully submitted,


_____
Kenneth D. Haynes, ASB-6190-H36K
Attorney for Plaintiff


**OF COUNSEL:**

**HAYNES & HAYNES, P.C.**
1600 Woodmere Drive
Birmingham, Alabama   35226

(205) 879-0377

**PLAINTIFF DEMANDS TRIAL BY STRUCK JURY**

_____
Kenneth D. Haynes

**PLEASE SERVE DEFENDANT BY CERTIFIED MAIL**

**PLAINTIFF'S ADDRESS:**
**9421 Cedar Mountain Road**
**Pinson, AL 34126**

**DEFENDANT'S ADDRESS:**
**Schreier, LLC**
**c/o Peter T. Worthen**
**100 Schreiber Drive**
**Trussville, AL 35173**